In an action for negligence, where plaintiff's evidence is not corroborated, and a defense is made out by disinterested witnesses, a verdict for plaintiff is against the weight of the evidence.

2. DAMAGES—PERSONAL INJURIES—PLEADING—EVIDENCE.

In an action for personal injuries, evidence of bodily ills, not complained of in the pleadings, is inadmissible.

Appeal from trial term.

Action by one Hess against the Metropolitan Street-Railway Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before McCARTHY and HASCALL, JJ.

Hy. A. Robinson, for appellant.

Jos. M. Williams, for respondent.

HASCALL, J. Under the abundant and controlling authority of Pierce v. Railway Co., 21 App. Div. 427–432, 47 N. Y. Supp. 540, it is manifest that the verdict complained of herein must be set aside. In that case, exactly as in the one at bar, the plaintiff had no evidence to corroborate her on the question of defendant's negligence; but, when plaintiff rested, there was sufficient proof to carry the case to the jury. The defendants in both cases made out defenses by disinterested witnesses, so that it may not be said that only the conductor and gripman testified in defendant's behalf. The verdict was clearly against the weight of evidence.

We think that permitting the physician to testify, against objection, to the presence of bodily ills not complained of in the pleading of plaintiff, was error also calling for reversal. This subjected defendant to a surprise that it could not have guarded against, since it was not called upon to meet proof of other particulars of permanent injury than those definitely stated in the complaint. Hergert v. Railway Co., 25 App. Div. 220, 49 N. Y. Supp. 307.

Judgment and order appealed from reversed, and new trial ordered, upon condition that defendant pay to plaintiff the costs and disbursements of the former trial; the appellant to have costs and disbursements of this appeal, to abide the event of this action.

McCARTHY, J., concurs.

---

(27 Misc. Rep. 184.)

## McTAGGART v. EASTMAN'S CO. OF NEW YORK.

(City Court of New York, General Term. March 28, 1899.)

FELLOW SERVANTS.

Where defendant was in the meat business, and employed plaintiff as a hod carrier in erecting an extension to his premises, and the driver of one of defendant's meat wagons ran against the ladder while plaintiff was descending, injuring him, plaintiff and the driver were not fellow servants.

Appeal from trial term.

Action by Daniel McTaggart against Eastman's Company of New York. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and HAS-CALL, JJ.

Nadal, Smyth, Carrere & Trafford, for appellant.

Thos. O'Sullivan, for respondent.

FITZSIMONS, C. J. The testimony clearly shows that, although the plaintiff and James Murphy were both employed by defendant, yet they were not in the same common employment. They were servants of defendant, but were not fellow servants. The defendant's driver Murphy was employed by it as a driver of one of the wagons used by it in the meat business which it carried on. Desiring to extend its business premises, it employed masons and hod carriers to erect the necessary brick walls of the new addition to its premises. Plaintiff was one of the hod carriers so employed, and while engaged in that work he was, by the careless manner in which Murphy acted, thrown from a ladder which was used by him and others engaged in the erection of the building mentioned, and severely injured. Murphy drove his truck against the ladder while plaintiff was in the act of descending, causing it to fall, as well as plaintiff. Under the circumstances, to contend that these men were in the same common employment, and were fellow servants, is an absurdity, in our opinion.

No error was committed at the trial, and judgment is affirmed, with costs. All concur.