McTAGGART v. EASTMAN'S CO. OF NEW YORK.

(Supreme Court, Appellate Term.   June 28, 1899.)

EMPLOYER'S LIABILITY—FELLOW SERVANTS—PERSONAL INJURY.
A hod carrier and the driver of a truck are not fellow servants, so as to relieve their common employer from liability for an injury to one resulting from the neglect of the other.

Appeal from city court of New York, general term.

Action by Daniel McTaggart against the Eastman's Company of New York.   From a judgment of the general term affirming a judgment of the trial term in favor of plaintiff, and an order denying a new trial (57 N. Y. Supp. 222), defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Nadal, Smyth, Carrere & Trafford, for appellant.
Thomas C. O'Sullivan, for respondent.

MacLEAN, J.   The plaintiff, a hod carrier, employed in some temporary work of repair or new construction by the defendant, was directed by the defendant's foreman to carry bricks up a ladder placed in an alley or passageway through which trucks passed, and through which the defendant's wagons were being driven about the time.   The ladder was struck by one of the wagons while the plaintiff was descending with his face towards the ladder and the wall, and the plaintiff was thrown to the ground, suffering the injuries for which the action is brought.   The width and purposes of the alleyway are not very distinctly shown.   One of the witnesses testified that he guessed it was about 15 feet wide, and also that several wagons were being driven through.   It would seem, therefore, that the alleyway was of sufficient width to permit the passage of wagons without coming into contact with the ladder.

It is urged by the defendant upon this appeal that plaintiff cannot recover, because he and the driver of the truck were both in the employment of the defendant, and therefore fellow servants.   They were, however, employed under such different capacities and different classes of work that they are not to be deemed fellow servants engaged in the same common work, and performing duties and services for the same general purposes, so as to relieve the common employer from the consequences of the neglect of either.   The question of liability of defendant for the alleged negligence of the driver was properly submitted to the jury upon instructions to which no tenable exceptions were taken, and the judgment entered at the trial term of the city court upon the verdict of the jury, and affirmed by the general term of that court, should be affirmed.

Judgment affirmed, with costs.   All concur.