SPILLANE v. EASTMANS CO. OF NEW YORK.

(City Court of New York, General Term. July 11, 1900.)

FELLOW SERVANTS—NEGLIGENCE.

    A carpenter engaged in the construction of a building is not a fellow servant of one employed by the employer of the former to clean up the premises and remove rubbish incident to the construction, so as to free the employer from liability for injuries inflicted on the carpenter by the negligence of the other.

*Appeal from trial term.*

Action by Edmund Spillane against the Eastmans Company of New York. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Nadal, Smythe, Carrere & Trafford, for appellant.
Joseph I. Berry, for respondent.

CONLAN, J. The plaintiff brought this action to recover damages for an injury alleged to have been caused by defendant's negligence. It is contended by the defendant that the injuries were inflicted by a fellow servant of the plaintiff, and that, therefore, a reversal of the judgment should be had. The plaintiff was a carpenter, and, with one Leonard, who was employed to clean up after the other workmen, was engaged in different parts of the building in course of construction in New York City. While the plaintiff was performing the work assigned to him, the man Leonard threw a shutter from an upper floor of the premises, which struck the plaintiff, and caused the injury for which recovery is sought in this action. The judge presiding at the trial withdrew from the jury the question as to whether the act in question was or was not that of a fellow servant, and we think that, under all the circumstances, this was not error. The plaintiff and Leonard, although in the employ of the defendant, were not fellow servants in the sense that the defendant can escape the consequences of the injury. They were not engaged in the same line of business, and to impute the cause of injury to Leonard so as to make him individually liable would be to run counter to a long line of decisions establishing an entirely different rule of law. In the case of McTaggart v. Eastman's Co. (decided by the general term of this court) 27 Misc. Rep. 184, 57 N. Y. Supp. 222, the plaintiff was a hod carrier in the employ of the defendant, and was thrown from a ladder by reason of a collision with a truck driven by one of the defendant's employés, and this court held that the act complained of was not the act of a fellow servant, and the conclusion thus reached was affirmed by the appellate term in 28 Misc. Rep. 127, 58 N. Y. Supp. 1118. We think the two cases are analogous, and for the reasons stated it follows that the judgment and order appealed from must be affirmed, with costs. All concur.