## SPILLANE v. EASTMANS CO. OF NEW YORK.

### (Supreme Court, Appellate Term.   December 26, 1900.)

MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT.
   A carpenter engaged in the construction of a building cannot recover
   against his employer for injuries received by being struck by rubbish
   thrown from an upper floor by a laborer employed by their common mas-
   ter to remove such rubbish, the negligence being that of a fellow servant.

Appeal from city court of New York, general term.

Action by Edmund Spillane against the Eastmans Company of
New York.   From a judgment of the general term of the city court
of the city of New York (65 N. Y. Supp. 668) affirming a judgment
in favor of plaintiff, defendant appeals.   Reversed.

The nature of the action and the material facts are stated in the
opinion.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-
MAN, JJ.

Nadal, Smyth, Carrere & Trafford (L. Sydney Carrere and George
O. Redington, of counsel), for appellant.

Joseph I. Berry, for respondent.

GIEGERICH, J.   The plaintiff, while at work for the defendant
as a carpenter, employed by the day, on the ground floor of its build-
ing, on March 16, 1896, was injured by the fall of a shutter which
a laborer named John Leonard, in the defendant's employ, had
thrown from a window above.   The defendant was at the time of
the accident a domestic corporation carrying on the business of a
wholesale butcher, and conducting a slaughter house at Fifty-Ninth
street and Twelfth avenue, in the city of New York.   At the time
of the injury in question it was engaged in putting up, in the space
formerly used as an alley for the driving in of cattle, an addition to
the building, with a door for the admission of cattle.   Upon such
work the defendant employed in all about 20 men, including a super-
intendent, two or three foremen, and bricklayers, carpenters, and
laborers under them.   The front of such addition was open on the
ground floor.   Above that carpenters had finished laying the floor-
ing, and on the exterior a scaffolding was erected for the purposes
of the work.   The plaintiff assisted in the building of the scaffold-
ing, the floor of which was above 6 feet from the ground.   The ceil-
ing was above 11 feet from the ground, thus leaving an open space
of about 5 feet between the flooring of the scaffold and the ceiling
of the ground floor, in which the plaintiff was at work sheathing up
the front of the building (a narrow space of about 12 feet), by direc-
tion of his foreman, one Tracy.   While the plaintiff was so occu-
pied, Leonard, a day laborer employed by the defendant to do miscel-
laneous work in the building of this addition, under orders of Tracy,
who was also his foreman, was cleaning up the room above, after
the carpenters had finished, and while so doing threw out a shutter,
or a part of one, which he found among the rubbish.   The shutter,
in its descent, struck the scaffolding, and went through the open

.space referred to, hitting the plaintiff and causing the injury com-
plained of. At the close of the entire case the defendant moved
for a dismissal of the complaint upon the ground, among others,
"that it was clearly shown that the accident happened, if at all,
through the negligence of one Leonard, a fellow servant of plain-
tiff," which motion was denied, and the defendant took an excep-
tion. The trial justice, in his main charge, adverting to this sub-
ject, said:

"I will withdraw from your consideration the question as to whether this
injury was caused by the negligence of a co-servant, and I charge you, as
a matter of law, directly, that the evidence does not show that the witness
Leonard was a co-servant with the plaintiff in that work which he was
employed to perform at the place where the accident occurred."

The defendant's counsel having excepted to such instructions, the
trial justice stated that under the evidence the plaintiff and Leonard
were not co-servants, whereupon another exception was noted in be-
half of the defendant.

We think the trial justice erred in holding, as he did, that the
plaintiff and Leonard were not fellow servants. When the accident
occurred both were employed and paid by the same common master,
for whom they worked in the same building under the same fore-
man, in the same common employment, with an immediate common
object,—the erection of the addition to the building in question.
Under these circumstances the plaintiff and Leonard were fellow
servants, although their special lines of work were different. Butler
v. Townsend, 126 N. Y. 105, 111, 26 N. E. 1017; Armour v. Hahn, 111
U. S. 313, 4 Sup. Ct. 433, 28 L. Ed. 440; Steamship Co. v. Merchant,
133 U. S. 375, 10 Sup. Ct. 397, 33 L. Ed. 656; Brynes v. Railroad
Co., 36 App. Div. 355, 356, 55 N. Y. Supp. 269; 1 Shear. & R. Neg.
(5th Ed.) §§ 234, 239, 241. And the case falls directly within the
well-settled rule which exempts the common master for injuries to a
servant caused by the negligence of another servant. The case at
bar is distinguishable from that of McTaggart v. Eastmans Co., 28
Misc. Rep. 127, 58 N. Y. Supp. 1118, affirmed in 27 Misc. Rep. 184, 57
N. Y. Supp. 222, for the reason that it there appeared that the plain-
tiff, a hod carrier employed in the same temporary work of repair or
new construction undertaken by the defendant, was injured through
the carelessness of the driver of one of the defendant's wagons used
in the defendant's general business of a butcher, in striking his
wagon against a ladder which the plaintiff was descending, thereby
causing him to fall to the ground.

The judgment should therefore be reversed, and a new trial or-
dered, with costs to the appellant to abide the event. All concur.