FRANCES AHERN *vs.* HERBERT L. HILDRETH.

Suffolk.    January 13, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability.

It is not the duty of the proprietor of a hotel toward a chambermaid employed there, to have glass which is inserted in the floor at the end of a hallway to light the floor below, and is surrounded by a railing two feet high, made strong enough to walk on, and his failure to do so is not evidence of negligence.

At common law a servant cannot recover against his master for an injury caused by his obeying a negligent order of a superior fellow servant.

TORT by a chambermaid employed by the defendant at the Hotel Velvet at Old Orchard Beach in the State of Maine, for injuries from falling through the glass bottom of a light shaft, set in the floor of a hallway, across which the plaintiff attempted to walk when ordered by the defendant's housekeeper to bring an artificial potted plant which was on the other side of it. Writ dated November 16, 1899.

At the trial in the Superior Court before *Mason,* C. J., it appeared, that the floor on which the accident occurred was one flight above the street and that the glass inserted in the floor served to light the street floor. The glass was at one end of the hallway and was enclosed on three sides by a railing about two feet high consisting of top and bottom rails, the fourth side being the wall of a bath room with a window opening on the enclosed area. The enclosure extended about sixteen feet from the bath room wall and was about seven feet wide. The glass was ground or corrugated, and was translucent, disclosing the

location of beams supporting it. The assistant housekeeper testified, that she could step over the railing, and had done so, and that whenever she had stepped over into the enclosure she always had been careful to step upon the beams underneath the glass. The plaintiff testified, that she never had been within the enclosure before the day of the accident, but had seen the house man in there on his knees scraping something up the third day before the accident, and had seen him there more than once.

She further testified, that when the housekeeper ordered her to get the plant, she stepped with one foot across the railing and upon the pane in the right hand corner of the space looking toward the bath room wall and next to that wall, and raised her other foot and brought it over, so that both feet rested upon this corner pane of glass, and that, as soon as she put her weight upon both feet, the glass broke beneath her, and she fell through to the street or basement floor, some ten or twelve feet below, and received the injuries complained of.

At the close of the evidence, the judge ruled that upon the whole evidence the plaintiff could not recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*F. P. Curran*, for the plaintiff.

*J. K. Berry*, for the defendant.

HAMMOND, J. The enclosure into which the plaintiff stepped was no part of the floor of the hotel, and that fact was clearly indicated by the glass and the railing taken in connection with the other circumstances. The defendant had no reason to expect that any person would go into the enclosure, except possibly the house man, whose duty it was to keep the glass clean so that the light might shine clearly through it, and who knew enough to step only upon the girders. The failure of the defendant, therefore, to have the glass strong enough to support a person walking upon it was not negligence as against this plaintiff. Even if the plaintiff was ordered to go into the enclosure, and even if the order was a negligent order, it was given by a fellow servant and not by the defendant, and in this action at common law the defendant is not answerable for it. *Moody* v. *Hamilton Manuf. Co*. 159 Mass. 70. The action of the judge in ordering a verdict for the defendant well stands upon the proposition that

the evidence failed to show negligence on the part of the defendant, and it becomes unnecessary to consider whether there was evidence of due care on the part of the plaintiff.

*Exceptions overruled.*