RICHARD COLFORD *vs.* NEW ENGLAND STRUCTURAL
COMPANY.

Suffolk.    January 11, 1910. — February 25, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence*, Employer's liability.

It is proper for the judge presiding at the trial of an action of tort by an employee
of a corporation, engaged in constructing a steel bridge over the tracks of a
railroad, against his employer to recover for injuries caused by a temporary
staging, upon which the plaintiff was working, being struck by a locomotive
engine passing on the railroad, the declaration in which contained two counts at
common law, one alleging as the cause of the injury a failure to warn the plain-
tiff of the approach of the locomotive engine and the other alleging as the cause
the negligent placing of the plaintiff at work in a dangerous place without tak-
ing proper precautions for his safety, and also contained counts under R. L.
c. 106, § 71, cl. 2, alleging as the cause of the injury negligence of a superintendent
of the defendant, to rule that the plaintiff cannot recover, if on the view of the
testimony most favorable to the plaintiff it appears that the plaintiff and certain
of his fellow workmen constructed the temporary staging, that at the time the
plaintiff knew that if it was not high enough passing trains would hit it, and
that the defendant's superintendent repeatedly told the plaintiff to be sure to
have the staging high enough to be out of the way of passing engines and trains,
and if there is no evidence that the superintendent or any of the men suspected
that the staging was too low for safety, and there was affirmative evidence that
it could not have been put any higher and be of use, and if, as to warnings of
approaching engines and trains, the testimony is that such warnings were given
by the railroad company's flagman, who is not shown to be acting for the defend-
ant, and occasionally by any one, superintendent or workmen, who happened to
see a train approaching.

TORT for personal injuries received by the plaintiff while in
the defendant's employ and at work upon a temporary staging in
constructing with other workmen a steel bridge over the tracks
of the Boston and Albany Railroad Company at Walnut Street
in Newton.    Writ dated June 5, 1906.

The declaration contained three counts under R. L. c. 106,
§ 71, cl. 2, alleging that the injuries to the plaintiff were caused
by the negligence of a superintendent of the defendant or by one
acting as such in the absence of the superintendent, and two
counts at common law, the first of which alleged as the cause
of the injury failure of the defendant to give to the plaintiff
warning of the danger attendant upon the approach of a loco-

motive engine on the track beneath him, and the second of which alleged the cause of the injury to be negligence of the defendant in placing the plaintiff at work in a dangerous place without taking proper precautions to guard and to warn him, and in failing to guard and to warn him.

The case was tried before *Sherman*, J. The facts are stated in sufficient detail in the opinion. At the close of the evidence the presiding judge ruled that upon the evidence the plaintiff could not recover and ordered a verdict for the defendant, and at the request of the parties reported the case for determination by this court, the verdict to stand if the ruling was correct, and, if it was wrong, the verdict to be set aside and judgment to be entered for the plaintiff in the sum of $1,000.

*W. A. Buie,* (*J. R. Murphy* with him,) for the plaintiff.

*W. H. Hitchcock,* for the defendant.

SHELDON, J. We think it clear that upon the common law counts the action cannot be maintained. The plaintiff fully appreciated that the work in which he was engaged was highly dangerous; he with his fellow workmen put in place the plank which constituted the staging on which he was sitting and the blocks or timbers upon which the plank rested; he knew that if the plank was not high enough the trains would hit it, and that for his own safety he must see to it that the plank was high enough to clear the trains. And he cannot upon these counts hold the defendant liable for any negligence of his fellow servants, even though they were superintendents or in some position higher than his own. *Ahern* v. *Hildreth,* 183 Mass. 296. *Healey* v. *George F. Blake Manuf. Co.* 180 Mass. 270.  *O'Brien* v. *Rideout,* 161 Mass. 170. He knew that trains were frequently passing under this staging, and he relied upon his fellow servants or a flagman of the railroad company to give him whatever warning he was to receive of the approach of a train.

The plaintiff has also in counts under the statute alleged the negligence of a superintendent. R. L. c. 106, § 71.  St. 1909, c. 514, § 127. But he cannot recover upon the failure of the superintendent to warn him of the approach of this train, for he knew that neither the superintendent nor any one else in behalf of the defendant had undertaken to do so. The testimony was that such warnings were given by the railroad company's flag-

man, and occasionally by any one, superintendent or workman, who happened to see a train. And there was nothing to show that the flagman was acting for the defendant or in the discharge of any duty entrusted to him by the defendant. This case is not like *Boucher* v. *New York, New Haven, & Hartford Railroad,* 196 Mass. 355, or *Brow* v. *Boston & Albany Railroad,* 157 Mass. 399, relied on by the plaintiff.

The plaintiff contends that the superintendent was negligent in having the staging laid too low. But all the evidence is that the superintendent repeatedly told the plaintiff who constructed the staging to be sure to have it high enough to be out of the way of engines and trains. And the plaintiff testified, and there is nothing to the contrary, that the staging was just high enough to enable the men to do the riveting; that if it had been any higher they could not drive the rivets. There is no evidence that the superintendent any more than the men suspected or in the exercise of due care ought to have suspected that the staging was too low for safety; and there is affirmative evidence from the plaintiff that it could not practicably have been put higher. And if this is so, the plaintiff's injury, if not due solely to one of the obvious risks of his employment, was at least not due to any negligence on the part of the superintendent.

It is not necessary to consider whether the plaintiff was himself in the exercise of due care, or whether he had assumed the risk of the accident which happened. According to the terms of the report, judgment must be entered on the verdict.

*So ordered.*