ERJAUSCHEK v. KRAMER.

(Supreme Court, Appellate Division, First Department.   December 30, 1910.)

MASTER AND SERVANT (§ 196*)—FELLOW SERVANTS.
        ' Where one employed as a maid, as an incident to her duty, rides in her
    master's automobile, she and the chauffeur are fellow servants, so that
    she assumes the risk of injury from his negligence.
        [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 196.*]

Appeal from Trial Term, New York County.

Action by Maxi Erjauschek against C. Otto Kramer. ˙ From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

E. Clyde Sherwood, for appellant.
M. L. Malevinsky, for respondent.

MILLER, J. The plaintiff was employed as a maid in the defendant's household. Her duty was, among other things, to act ·as maid to the defendant's wife. While she alleges in her complaint that she was employed by the defendant's wife, the evidence tends to show, and the court charged the jury, that she was a servant of the defendant. While she was riding with the defendant and his wife in his automobile, they·were all thrown out, as the jury found, by reason of the chauffeur's negligence in running the automobile into a tree. While the evidence does not plainly show how the plaintiff came to accompany the defendant and his wife on the automobile trip, the fair inference is that she went along in the capacity of maid to the wife; and the question involved on this appeal is whether she and the chauffeur were fellow servants. The question was raised by the motion to dismiss, and by exceptions to the charge and to refusals to charge.

The accident happened in the state of New Jersey, and there is no proof of the New Jersey law on the point. However, both sides assume, what is undoubtedly the rule, that in the absence of proof to the contrary the law of New Jersey will be assumed to be the same as that of our own state. Of course, we may seek light wherever it can be found.

The respondent relies upon a dictum of Judge Selden in Russell v. Hudson River R. R. Co., 17 N. Y. 137, and upon In re McTaggart v. Eastman's Company of N. Y., 27 Misc. Rep. 184, 57 N. Y. Supp. 222. The first case cited is a square authority for the defendant. In that case, the plaintiff, a laborer employed to shovel gravel, was injured by the negligence of the defendant's engineer while being conveyed to his home free of charge. The plaintiff's employment was as distinct from that of the engineer as it could well be, except for the fact that, as an incident to that employment, he trav-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    126 N.Y.S.—19

eled on the defendant's cars, and thereby subjected himself to the hazard of the engineer's negligence. Judge Selden did say:

"If one employed to drive the private carriage of his master, who by his careless manner of driving injured another servant of the same master engaged in some mechanical employment, it may well be doubted whether the rule we are considering would apply."

But that statement presupposes that the servant, engaged in the mechanical employment, was not, as an incident to such employment, subjected to risk from the negligence of the driver of the carriage. It is unnecessary to examine the familiar line of authorities in this state which follow the rule laid down in that case. The McTaggart Case is within the dictum above quoted.

Assuming, as we must, that the plaintiff's presence in the automobile was incident to her employment, it is difficult to understand why, within the principle of all the cases on the subject, she did not assume the risk of the chauffeur's negligence. Certainly her employment subjected her to that risk. The fact that her duty differed from that of the chauffeur is of no consequence. The controlling fact is that, in the performance of her duty, she incurred the risk of injury from the chauffeur's negligence.

It seems difficult to distinguish this case from McGuirk v. Shattuck, 160 Mass. 45, 35 N. E. 110, 39 Am. St. Rep. 454. In that case the plaintiff, a laundress in the defendant's employ, was injured by the negligence of his coachman while she was being conveyed, either gratuitously or as a part of the contract of employment, from her house to that of her employer, and it was held that she and the coachman were fellow servants, and that she assumed the risk of injury from his negligence. The New Jersey decisions are to the same effect. Ewan v. Lippincott, 47 N. J. Law, 192, 54 Am. Rep. 148; O'Brien v. American Dredging Co., 53 N. J. Law, 291, 21 Atl. 324.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.