MARGARET FAY, an Infant, by ANNA HOEY, Her Guardian ad Litem, Respondent, v. HORACE DE CAMP, Appellant.

(Argued October 8, 1931; decided November 17, 1931.)

*Edward P. Mowton* for appellant. At the time of the accident plaintiff was either an employee of the defendant, covered by the terms of the workmen's compensation policy, and entitled to compensation, but not to a recovery at common law, or was at common law a fellow-servant of the defendant's chauffeur, for whose acts at the time of the accident defendant was not responsible because plaintiff assumed the risks of the negligence of a fellow-servant. (*Van Gee* v. *Korts*, 252 N. Y. 241; *Queck-Berner* v. *Macy*, 240 N. Y. 341; *Littler* v. *Fuller*, 223 N. Y. 369; *Listori* v. *N. Y. C. R. R. Co.*, 251 N. Y. 327; *Aioss* v. *Sardo*, 249 N. Y. 270; *Mahoney* v. *Cayuga Lake Cement Co.*, 126 App. Div. 164; *Vogel* v. *American Bridge Co.*, 180 N. Y. 373; *Andrews* v. *Reining*, 111 App. Div. 435; *Erjanschek* v. *Kramer*, 141 App. Div. 545; *Ryan* v. *Phipps*, 146 App. Div. 642; *Martin* v. *Puget Sound Electric R. Co.*, 241 Pac. Rep. 360.)

*Charles D. Lewis* and *Thomas J. O' Neill* for respondent. The action was maintainable at common law because the chauffeur's negligence in the course of his duty in driving the defendant's automobile could not be imputed to the plaintiff and did not constitute a risk assumed by her. Such negligence was a matter extraneous to the plaintiff's employment and the plaintiff's injuries were not received while she was performing her duties as an upstairs maid under her contract of employment, which contract neither expressly nor by implication required the plaintiff's traveling or being transported in the defendant's automobile as a part of the hiring. (*Vick* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 267; *O'Bierne* v. *Stafford*,

87 Conn. 354; *Roth* v. *Adirondack Co.*, 193 App. Div. 303; *Pierson* v. *Interborough Rapid Transit Co.*, 184 App. Div. 678; *Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.*, 229 N. Y. 489; *Ewan* v. *Lippincott*, 47 N. J. L. 192; *Matter of Scholtzhauer* v. *C. & L. Lunch Co.*, 233 N. Y. 12.)

CRANE, J.   Horace De Camp had a home at 952 Fifth avenue, New York city, at Rye and at Old Forge, New York, at which places he maintained establishments with the help of numerous servants and employees.   Margaret Fay, a young lady, twenty-two years of age, was employed by him as an upstairs chambermaid to take care of the rooms.   Other servants did the cooking and the waiting at table. The defendant also had an automobile and a chauffeur used for domestic service, as distinguished from business employment.

On the 6th day of August, 1926, the help left the defendant's place at Rye to go to his camp at Old Forge, and were being driven there in defendant's car operated by his chauffeur, when at Cranesville an accident occurred, through the negligence of the chauffeur, causing injury to Miss Fay.

Although the employer had taken out workmen's compensation insurance to cover his domestic employees, failure to comply with certain provisions of the law made the act unenforceable.   Miss Fay, therefore, elected to bring this action to recover at common law against her employer for the negligence of his chauffeur, and the question is whether she was at the time a fellow-servant with that employee.

Since *Priestly* v. *Fowler* (3 M. & W. 1) and *Farwell* v. *Boston & Worcester Rail Road Corp.* (4 Metc. 49), much has been written and many things decided about the fellow-servant rule.   The underlying principle is that the plaintiff is precluded from recovery wherever the functions which he and the negligent co-employee were

discharging, although not identical or even similar in character, were yet such that the two servants were contributing directly to the common object of their common employer in that enterprise for which their services were engaged, or, to employ a terminology which is frequently found in the books, the injured servant's right to recover does not depend upon the fact that he may have been in a different department of the service from the delinquent. (4 Labatt on Master & Servant [2d ed.], p. 4070.)

Both the chauffeur and the maid were engaged by the employer in maintaining the home and place of abode, the maid attending to her department of keeping the house in order, and the chauffeur in transporting the occupants to and from the house or from one home to the other. Both were performing work reasonably connected with the running and maintenance of the defendant's summer places in accordance with his tastes. Had the employer been carrying on a business in which he employed the chauffeur, and while so engaged in that business the chauffeur had run over or injured a domestic servant, we can see clearly that they would not be fellow-servants.

The plaintiff had not ceased her employment or terminated her duties. She was the upstairs maid at Rye and was to be the maid at Old Forge. To get there she was being transported in her employer's car by another employee of his. The risks connected with such transportation in order to perform her duties and to continue her daily tasks were reasonably to be anticipated and considered when entering his employ.

Such we find to be the ruling in *Erjauschek* v. *Kramer* (141 App. Div. 545), where the maid was injured while riding with her employer and his wife in an automobile driven negligently by the chauffeur. The relationship, we have held in numerous cases, remains unbroken while the servant is in the course of transportation to and

from his place of employment where the parties by their contract of hiring inferentially so stipulate. Seldom do we find an express stipulation for transportation; rather, it is gathered by implication from the duties and surrounding circumstances. (See *Vick* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 267; *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 N. Y. 489; *Van Gee* v. *Korts*, 252 N. Y. 241.) Neither is it necessary that the servant be under compulsion to use the afforded transportation. (*Donovan's Case*, 217 Mass. 76; *St. Bernard Cypress Co.* v. *Johnson*, 222 Fed. Rep. 246; *Ionnone* v. *N. Y., N. H. & H. R. R. Co.*, 21 R. I. 452; *McGuirk* v. *Shattuck*, 160 Mass. 45.) What is usually or customarily done by persons shifting from city to summer residence in connection with transporting the household is a matter which must be considered.

The housekeeper has been considered a fellow-servant with the son of her employer engaged in carrying coal (*Waxham* v. *Fink*, 86 Neb. 180); a scrub woman, the fellow-servant of a night watchman (*Ryan* v. *Phipps*, 146 App. Div. 642), and a chambermaid with a housekeeper (*Ahern* v. *Hildreth*, 183 Mass. 296).

In *McGuirk* v. *Shattuck* (160 Mass. 45) the employer sent his coach to get a laundress. She was hurt while being taken to his house through the driver's negligence. The court held that she was a fellow-servant with the driver. On the other hand, where a domestic servant was injured while being driven to church in her master's car, she was permitted to recover for injuries received through the chauffeur's negligence on the theory that her services had been suspended when she was proceeding upon her own affairs. (*O'Bierne* v. *Stafford*, 87 Conn. 354.)

The facts vary in every case, but within the principle to which the decisions have attempted to adhere, we think the maid in this case and the chauffeur were fellow-servants at the time of the accident, and that the plaintiff, under

this common-law rule, now firmly established in the law, cannot recover.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.