ROBERT D. GLENNIE, Plaintiff, *v.* THE FALLS EQUIPMENT COMPANY, INC., and Another, Defendants.

Supreme Court, Niagara County, December 29, 1931.

*Franchot, Runals, Robillard & Cohn* [*Clarence B. Runals* of counsel], for the plaintiff.

*Babcock & Sullivan* [*Philip A. Sullivan* of counsel], for the defendant The Falls Equipment Company, Inc.

*John O. Chapin* [*Marvin I. King* of counsel], for the defendant Winfield S. Martin.

HARRIS, J.  The defendant The Falls Equipment Company, Inc., is hereinafter known and described as the defendant corporation.

This action is brought by the plaintiff against both defendants, claiming that such plaintiff suffered personal injuries and consequent damages on account of the negligence of both defendants. At the close of the plaintiff's proof defendants moved for a nonsuit on the ground that the plaintiff had failed to make out a cause

of action against either defendant. The court reserved decision on the motion, and each defendant was put on his proof. At the close of the entire proof and before the submission of the cause to the jury, each defendant renewed the motion for a nonsuit and for a dismissal of the complaint as against such defendant, and the court reserved decision on such motions until after the rendition of the verdict by the jury. The jury first reported a verdict in favor of the plaintiff for $25,000, without stating against whom such verdict was given. Following further instructions of the court, the jury returned a verdict in the same amount in favor of the plaintiff and against the defendant corporation. The court then informed the jury that the verdict was not in accordance with the court's charge, and after further consideration, the jury then returned a verdict in favor of the plaintiff against both defendants in the sum of $25,000. Each defendant then moved to set aside such verdict and for a dismissal of the complaint as against such defendant.

The facts on which such verdict was based were briefly as follows: The plaintiff, at the time of the accident concerning which the alleged negligence arose, was president of the defendant corporation, and as such president he had entire supervision of the business and activities of such corporation and of its employees. His own duties, in addition to such supervision, included calling on customers, making deals and transacting other business with such customers, such calls being made by train, automobile and other methods of transportation. The defendant Martin was another employee of the defendant corporation, working under a regular salary and performing the duties of a salesman somewhat similar to those in that respect as the duties of the plaintiff. The defendant corporation provided automobiles for the use of its salesmen, such automobiles sometimes being driven by the salesmen and sometimes by help authorized by the plaintiff as president of the corporation. Prior to the 1st day of August, 1925, it became necessary for the plaintiff to visit Schenectady on a business errand of the defendant corporation. At about the same time the defendant Martin asked permission of the plaintiff for the defendant Martin to spend a week-end in visiting his wife, who was then ill in a hospital at Albany. Such permission was given. When it developed that the plaintiff was to drive to Schenectady it was suggested that the defendant Martin ride with the plaintiff as far as Schenectady and then proceed on to Albany. The trip started early in the morning of August 1, 1925. The plaintiff drove part of the way and then becoming tired the plaintiff permitted the defendant Martin to continue driving the car. It was while the defendant Martin

was driving the car on this trip that the accident occurred for which the plaintiff seeks damages in this action.

The jury found that the plaintiff was free of contributory negligence; that the defendant Martin was negligent, and that the defendant Martin was driving the car with the permission of the defendant corporation as given by its president, the plaintiff.

The theory on which the plaintiff tried the action as against the defendant corporation and now endeavors to hold the verdict against such defendant corporation, was that section 282-e of the Highway Law, now section 59 of the Vehicle and Traffic Law, gave to each person injured by an automobile through the negligence of the person driving such automobile with the permission of the owner thereof while the person so injured was free of contributory negligence, a cause of action against the owner of the automobile. This court is of the opinion that section 282-e of the Highway Law is not so inclusive in its meaning. The Legislature, in passing such statute, had in mind the protection of persons injured by cars driven with the permission of the owner and not on the business of the owner. (*Gochee* v. *Wagner*, 257 N. Y. 344.) The machine in which the plaintiff was riding was being driven on the business of the owner, the defendant corporation, and in the opinion of this court the provisions of section 282-e of the Highway Law did not give to the plaintiff Glennie, or any other party, a protection different from that given by the common law existing at the time of the accident. In order to determine whether the defendant corporation owed the plaintiff any duty under the common law, we must consider whether any relation existed between the defendant Martin and the defendant corporation while the defendant Martin was driving the automobile of the corporation on the day of the accident, because if there was no relation between the defendant Martin and the defendant corporation on which a duty could be based, then the defendant corporation owed no duty to the plaintiff for the negligence of the defendant Martin. It is true that the defendant Martin was driving the automobile with the permission of the defendant corporation, but it is also true that he was either driving such automobile as a personal convenience to the plaintiff or as a fellow-servant of the plaintiff. If the defendant Martin were driving such automobile as a personal convenience to the plaintiff, then the defendant Martin had no relation to the defendant corporation. If the defendant Martin were driving the automobile as a fellow-servant of the plaintiff, then the negligence of the defendant Martin was that of a fellow-servant, for which negligence the defendant corporation, under the circumstances of this accident, would not be liable to the plaintiff. (*Fay* v.

*DeCamp,* 257 N. Y. 407, and cases therein cited; 4 LaBatt Mast. & Serv. [2d ed.] 4006–4140.) As either of these situations as to the relationship of the defendant Martin to the defendant corporation would establish no liability of the defendant corporation for the negligence of the defendant Martin, the defendant corporation would be and is entitled to a dismissal of the complaint as against it.

As to the motions made by the defendant Martin, this court has in mind the actions of the jury in returning to court several times before finally rendering a verdict against such defendant Martin. Either the jury misunderstood the instructions of the court or, desiring to return a verdict against the defendant corporation, and being told by the court that it could not do so unless it predicated such verdict against the defendant corporation on the liability of the defendant Martin to plaintiff, the jury brought in a verdict against the defendant Martin simply for the purpose of holding the defendant corporation and not really to find liability on the part of the defendant herein. The size of the verdict may be due to a remark made by the counsel for the defendant corporation in summation in regard to the damages suffered by the plaintiff, which remark was not acquiesced in by the counsel for the defendant Martin. In view of these considerations, this court is of the opinion that, so far as the defendant Martin is concerned, the verdict against him should be set aside and he should be granted a new trial of the action.

In view of the foregoing, there may be presented to me for signature orders setting aside the verdict as to both defendants and dismissing the complaint as to the defendant corporation, and granting a new trial as to the defendant Martin.