MILLIE HAKE, PLAINTIFF, v. SARAH GREENSTEIN, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided January 27, 1965.

*Mr. Bernard T. Hein* for plaintiff (*Messrs. Hein, Smith & Mooney,* attorneys).

*Mrs. Sonia Napolitano* for defendant (*Messrs. Pindar, Mc-Elroy, Connell & Foley,* attorneys).

SCHNEIDER, J. C. C. (temporarily assigned). Defendant brings a motion for summary judgment. On April 5, 1961 defendant Sarah Greenstein was operating her automobile, and plaintiff was a passenger in said car. The car struck a pole and plaintiff was injured. Plaintiff sued in negligence for her personal injury. She was a domestic servant in the employ of the Greenstein family and worked one day per week. She was hired by defendant and her work was under the direction and control of defendant. The accident occurred while plaintiff was being driven by defendant from the bus station to defendant's home.

Plaintiff filed a petition applying for compensation under the Workmen's Compensation Law of New Jersey by reason of the injury sustained in the accident. The petition was filed against the husband of defendant and a judgment was awarded. The present suit was filed March 20, 1963.

Defendant contends that she is the employer of plaintiff; that the injury arose out of and in the course of the employment and that the sole remedy available to the plaintiff is the relief under the Workmen's Compensation Law. Plaintiff contends that the husband is the employer and that a third-party suit therefore may be brought against the wife.

In the case of *Auten v. Johnston,* 115 *N. J. L.* 71 (*Sup. Ct.* 1935), it was held:

"* * * The presumption is that, in the employment of a house servant, the wife acts as the agent of her husband; to fix upon her such a contractual liability, it must affirmatively appear that she hired the servants on her own individual credit. * * *" (at *page* 75)

The court held that the principle was rooted in the obligation of the husband to provide for the wife; the wife does not incur personal liability in discharging her duties in the household, and the law regards her as the agent of the husband.

*Auten* was a workmen's compensation case and the court held the husband to be the employer for the purpose of protecting the wife as a member of the household and not for the purpose of creating a new liability upon the wife. Plaintiff relies upon that case, but this court is of the opinion that the decision does not create a third-party liability in the wife where compensation is sought under the Workmen's Compensation Law of New Jersey. The entire tenor of the decision was to protect the wife against liability.

Again in *Stewart v. Brant*, 19 *N. J. Misc.* 37, 17 *A. 2d* 275 (*W. C. B.* 1940), it was held that the husband was presumed to be the employer, but here again, the purpose was to protect the wife against liability.

Defendant contends that the wife who acts as her husband's agent in the hiring and controlling of a domestic servant has immunity from a civil suit. *N. J. S. A.* 34:15-8 provides as follows:

"\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong."

It is conceded by plaintiff that if the family chauffeur were driving the car and the collision took place, a third-party suit would not lie against the chauffeur under this statute, and the question arises whether the same immunity would be granted to the wife.

Both counsel state that there is no law directly on this subject in New Jersey. In the case of *Tlaskal v. Beaty*, 153 *N. Y. S. 2d* 938 (*Sup. Ct.* 1956), affirmed 3 *A. D. 2d* 828, 161 *N. Y. S. 2d* 830 (*App. Div.* 1957), we find a decision on all fours with our problem. In that case there was a suit by a domestic servant for injury sustained while being transported in the employer's automobile, which car was driven by the wife. In the New York suit the court held that the wife was

immune from a third-party suit. The entire decision is set forth herein because it is a short one:

"Plaintiff, a domestic servant, was injured while being transported in her employer's car driven by his wife from his apartment in the city to his home at Rye, New York. It is clear that the trip was being made at the employer's direction and in furtherance of his interests and thus came within the Workmen's Compensation Law, *Van Gee v. Korts*, 252 *N. Y.* 241, 169 *N. E.* 370; *Fay v. DeCamp*, 257 *N. Y.* 407, 178 *N. E.* 677. Since her employer had secured the payment of compensation by procuring an insurance policy therefor, he was immune from a suit for damages, *Workmen's Compensation Law*, § 11. The wife as his agent in running the household, including the directing of servants in the performance of their duties, *North v. Richards*, 283 *App. Div.* 21, 126 *N. Y. S.* 2d 241, is also immune from such a suit, being deemed as one engaged "in the same employ" within the intendment of *section* 29, *subdivision* 6, *Workmen's Compensation Law*, when any injury is sustained by a servant by reason of any act of the mistress of the household while both are engaged in any duty connected therewith. Accordingly the complaint should have been dismissed as against them and plaintiff relegated to her claim in Workmen's Compensation.

Judgment reversed, with costs, and complaint dismissed, with costs.

All concur."

The affirmance of this decision was without an opinion. It should be noted that the New York statute is like the New Jersey statute on immunity.

In the case above, it does refer to the fact that the trip was at the direction of the employer. It must be assumed in our case that the same facts exist, because if the wife was the actual employer, then she would have immunity under the Workmen's Compensation Law.

The court is of the opinion that the suit must be dismissed as against the wife. Our courts have always attempted to protect the family entity, and to permit this suit to lie would create a new liability against the wife and destroy the family relationship. To permit the suit would mean that every woman employing a domestic would, in order to protect herself, be named on the workmen's compensation policy and secure an agreement from each domestic that the employment was by both husband and wife. We

do not believe that the law intended this, and the wife must be protected by the courts. If this suit were to be permitted, any fall by a domestic in the house would entitle her to both workmen's compensation and a third-party suit against the wife for negligence.

The motion will be granted and an order for judgment for defendant may be presented.