91 N.J. Super. 9 (1966)
218 A.2d 890
FRIEDA FREPPON, PLAINTIFF-APPELLANT,
v.
REBECCA HITTNER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 1966.
Decided April 4, 1966.
*10 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Solomon Lubow argued the cause for appellant (Messrs. Chazin & Chazin, attorneys).
Mr. Thomas T. Chappell argued the cause for respondent (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
The question here is whether a domestic employee injured in the course of her work as a result of the negligence of defendant housewife may bring a negligence action against the housewife in the face of the conceded fact that the injury was compensable under the Workmen's Compensation Act. We affirm the trial court's dismissal of the action on motion for summary judgment although we are not in accord with the reasoning by which that result was reached.
Plaintiff was injured while hanging laundry in the back yard of the home when defendant struck her accidentally with her golf club while practicing her golf swing. Accepting the version of the material facts emerging from the *11 proofs most favorable to plaintiff, she was recalled to service with the Hittners (defendant and her husband) after a one-year hiatus following years of prior employment with them. Mr. Hittner phoned her to resume the employment. However, plaintiff testified, Mrs. Hittner "always took part in everything. She was always there when the discussions were made." Both Hittners gave her work-directions, but her "duties are assigned usually by the lady of the house who is there with you most of the time." She was paid by Mrs. Hittner from funds supplied by Mr. Hittner, the wife not being employed. Plaintiff did general domestic housework, including the care of young children, and "slept in."
Plaintiff's action is founded on the theory that she was employed only by Mr. Hittner, not defendant, and that the latter is a "third person" against whom a negligence action may be brought, notwithstanding the exclusiveness of the compensation remedy as against the employer under N.J.S.A. 34:15-8. In support of this thesis she cites Auten v. Johnston, 115 N.J.L. 71 (Sup. Ct. 1935), which held that where a housewife engages a domestic servant she is not personally liable as an employer in workmen's compensation, not being deemed to have contracted the engagement on her personal account but solely as agent for her husband, absent proof she hired the servant "on her own individual credit." (Id., at p. 75).
In the instant matter the trial court ruled for defendant on the authority of Hake v. Greenstein, 86 N.J. Super. 241 (Law Div. 1965), where the household employee was being driven to the home from a bus station by the defendant housewife and sustained injury when the vehicle was in an accident. The reliance there in deciding for defendant was the immunity of a "person * * * in the same employ as the person injured * * * except for intentional wrong," created by a recent amendment of the Workmen's Compensation Act. N.J.S.A. 34:15-8, as amended by L. 1961, c. 2. We deem questionable the concept, even on the facts of Hake, that the housewife is a co-employee of the domestic employee. *12 The relationship of a wife as housewife in the household to her husband is not one of employment. The Hake rationale is even more inappropriate as applied to the facts here. We would consequently not immunize defendant on the basis of the 1961 amendment of the act. However, we are convinced that sound workmen's compensation policy and a realistic view of the facts dictate the conclusion that both Hittners were employers of the plaintiff and that for that reason Mrs. Hittner may not be sued in negligence by plaintiff.
When a household employee is engaged and performs her services in circumstances like the present every consideration of fairness and policy underlying the beneficent social objectives of the compensation act militates for the view that both husband and wife should be responsible to the injured employee as co-employers under the Workmen's Compensation Act and against the applicability of the general common-law precept that a wife is not presumed to engage her own credit in buying goods or services for the household. In the special application of the rule of Auten v. Johnston, supra, to the fact-situation here presented, we would not follow it today. The influence of the policy of liberal construction of the Compensation Act toward holding in under that act persons realistically standing in an employment relationship with the involved employee prevails over the common-law policy of narrow confinement of personal liability of a wife in respect of household obligations. So holding lends doctrinal consistency to affording the wife the same immunity from a negligence action which her husband concededly enjoys. It also subserves the important policy of the Compensation Act to limit the employee to one recovery against what, in substance, whether or not technically, is a unitary employer-entity  here the household. Cf. Mazzuchelli v. Silberberg, 29 N.J. 15 (1959).
Affirmed.