JENNIE O'BIERNE vs. GEORGE A. STAFFORD.

Third Judicial District, New Haven, June Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

A domestic servant while proceeding to church on Sunday in her employer's automobile, pursuant to the contract between them, is not engaged in his work and is not, therefore, a fellow-servant with his chauffeur through whose negligence in the management of the car she was injured.

The fact that the person injured and the one whose negligence caused the injury were fellow-servants, is never available as a defense to the master if the negligent servant was at the time engaged in the performance of the master's duty.

In addition to the duties imposed upon a master by law, he may assume others by contract; and whatever he contracts to do, within the law, he must perform, or be responsible for the consequences of his nonperformance. He cannot escape by delegating the discharge of his duty to another.

The test of the master's liability is the character of the duty violated.
The evidence in the present case briefly reviewed and *held* to be sufficient to support a verdict for the plaintiff.

Argued June 6th—decided July 25th, 1913.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servant, brought to the Superior Court in Fairfield County and tried to the jury before *Burpee, J.;* verdict and judgment for the plaintiff to recover $2,000, and appeal by the defendant. *No error.*

*Carl Foster*, for the appellant (defendant).

*George E. Beers* and *Richmond J. Reese,* for the appellee (plaintiff).

WHEELER, J. The jury might reasonably have found these facts: The plaintiff was engaged in the service of the defendant as a domestic servant, and as a part of the contract of employment the defendant contracted to take the plaintiff to church each Sunday in his automobile. The defendant's chauffeur, McAuliffe, was, at the time of the accident, taking the plaintiff to church in pursuance of the defendant's contract. He started late for church. At the time of the accident the car was traveling at a rapid speed of thirty miles an hour. The car was in good condition. It had descended a hill, and was at the foot where the road was substantially straight and level, and of macadam, in fairly good condition, when suddenly it left the highway and landed against some trees outside the highway, the car being at an angle of forty-five degrees with the highway. As a consequence the car was badly damaged, and the plaintiff suffered the injuries complained of. A reasonably competent chauffeur, in the exercise of due care,

ought to be able to keep a passenger automobile, which was in good condition, in the traveled way of an unobstructed highway, which was level and straight and in reasonably good condition. The cause of the automobile leaving the highway was due to the fact that the chauffeur took his hand from the steering-wheel for a moment in order to pull his cap over his eyes and prevent the rays of the sun being reflected from the brass lamps of the car into his eyes, and the speed of the car was then so great that it, not being under control for a brief space of time, plunged off the highway. As soon as the rays of the sun thus blinded the chauffeur, as the jury might reasonably have found, it was his duty to have stopped the car; had he done so the accident would have been avoided.

The only logical conclusion to be drawn from the facts proven was, that the cause of the accident was the driving of the car in a negligent manner.

The defendant claimed upon the trial that the injuries to the plaintiff, if any, were occasioned by the acts of a fellow-servant, and, as we understand the record, requested the court, upon this ground, to direct a verdict for the defendant.

The fellow-servant defense cannot prevail in this case, unless it appear from the evidence, first, that the plaintiff, Miss O'Bierne, was an employee of the defendant at the time of the accident; second, that the accident resulted from the negligence alleged of the chauffeur, McAuliffe; and third, that the relation of McAuliffe to Miss O'Bierne at that time was that of fellow-servant. *Sullivan* v. *New York, N. H. & H. R. Co.*, 73 Conn. 203, 214, 47 Atl. 131. We have already considered the second of these conditions. Let us examine briefly the third and first condition, in this order. The character of the duty violated is the test of the master's responsibility. *McElligott* v. *Randolph*, 61 Conn. 157, 164,

22 Atl. 1094. Was the defendant bound to perform the duty toward Miss O'Bierne which McAuliffe neglected to perform? If so, the negligence of McAuliffe was his. *Peterson* v. *New York, N. H. & H. R. Co.*, 77 Conn. 351, 356, 59 Atl. 502. If the duty violated was the master's, the defense of fellow-servant is never available. *Messinger* v. *New York, N. H. & H. R. Co.*, 85 Conn. 467, 474, 83 Atl. 631. The master may perform his duty personally, or by another; in either case the failure to perform the duty with reasonable care will impose a liability upon the master for consequent damage. *McElligott* v. *Randolph,* 61 Conn. 157, 162, 22 Atl. 1094. The law places upon the master a positive duty as to the place, appliances, instrumentalities, and colaborers he shall provide for his servant. He may, by his contract of employment, extend the range of his duty. The parties are not restricted in their right of contract save by law. Whatever the master contracts to do within the law he must perform; he cannot by delegation escape the consequences of his nonperformance.

Let us next ascertain if Miss O'Bierne, at the time of the accident, was an employee of the defendant? She was his house servant, and in one sense continued in his employ during the period of employment, wherever she might be and whether upon her own or her master's business. Her church-going cannot be said to have been connected with that employment. It was no part of her duty as a servant to go to church. She was free to go or not, and to choose the church she would go to. She was under no obligation to ride in the car; she was performing no service for him in so doing. On the contrary, he was rendering her the service required by his contract. The defendant did not pay her to ride in his car; she paid the defendant for the ride. This was as much a part consideration for her services as the wages paid her. On the way to and from the church her time

was her own. She was traveling for her own purposes, and the right of the defendant to her services at this time was not "merely dormant, but wholly suspended." As she was not engaged in the defendant's work when she was injured, she was not a co-employee with McAuliffe.

There are numerous cases of railroad employees whose contracts of employment included transportation to and from work, and who, while so traveling, have been injured by the negligence of the employees operating the train. In the best reasoned of these opinions, and in the greater number, these employees have been held to have been passengers, and not engaged in a common employment with the negligent employee of the railroad. In *McNulty* v. *Pennsylvania R. Co.*, 182 Pa. St. 479, 38 Atl. 524, the court held that one employed by a railroad at a certain wage and free transportation to and from his home was a passenger while traveling to his home after his day's work, saying (p. 483): "In the case at bar, the transportation from and to his home to which the deceased, McNulty, was entitled, was not in any sense a service or connected with any service that he was rendering to the defendant company, but it was a service which the latter by the terms of its contract was required to render to him. He was under no obligation to ride on the cars, but there was an obligation on the part of the company to afford him an opportunity of doing so, if he saw fit to avail himself of it; and when he exercised the right to which he was thus entitled, and entered the car for the sole purpose of being transported to Bristol, he was a passenger in the full sense of the word, and not an employee of the defendant." *Dickinson* v. *West End Street Ry. Co.*, 177 Mass. 365, 59 N. E. 60; *Doyle* v. *Fitchburg R. Co.*, 162 Mass. 66, 37 N. E. 770; *Herbert* v. *Portland R. Co.*, 103 Me. 315, 321, 69 Atl. 266; *Enos* v. *R. I. Suburban Ry.*

*Co.*, 28 R. I. 291, 67 Atl. 5; *Transit Co.* v. *Venable*, 105 Tenn. 460, 469, 58 S. W. 861; *Peterson* v. *Seattle Traction Co.*, 23 Wash. St. 615, 63 Pac. 539, 65 id. 543; *State* v. *Western Md. R. Co.*, 63 Md. 433, 441; 4 Labatt on Master & Servant (2d Ed.) § 1555e, p. 4679.

The case of *Pigeon* v. *Lane*, 80 Conn. 237, 244, 67 Atl. 886, cites several of these cases and holds to their doctrine.

The two rulings on evidence complained of were correctly decided.

There is no error.


In this opinion the other judges concurred.