AMELIA THOURON, Defendant Below, Appellant, v. GRACE V. ACREE and ARCHIE ACREE, her husband, Plaintiffs Below, Appellees.

(*October* 18, 1961.)

SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and CAREY, Judge, sitting.

*Samuel R. Russell* (of Morford, Young and Conaway) for appellant.

*Joseph A. Julian, Jr.*, for appellees.

Supreme Court of the State of Delaware, No. 29, 1961.

WOLCOTT, J.:

This is an appeal by the defendant from a judgment entered on a jury's verdict in a personal injury action. The basic question presented is whether or not the Fellow Servant Doctrine is available to the defendant as a defense. The plaintiff's injuries were caused by the negligence of one Richardson, the defendant's chauffeur, while operating the defendant's automobile in which the plaintiff was riding.

The defendant occupied a house on the estate of her daughter-in-law. As part of her household she employed Richardson as a full-time chauffeur and the plaintiff as a part-time house servant. The terms of employment argreed upon be-

tween the plaintiff and the defendant were for a fixed hourly wage and the furnishing of transportation to and from the plaintiff's home to the defendant's residence. At the time of the plaintiff's injuries she was being transported in the defendant's automobile by the defendant's chauffeur from her home to the defendant's residence.

The wages of both Richardson and the plaintiff were paid by the defendant's daughter-in-law. However, the defendant controlled and directed the activities of both Richardson and the plaintiff within the scope of their employment.

At the close of the trial the defendant moved for a directed verdict in her favor upon the ground that the Fellow Servant Doctrine was a complete defense to the action. The trial judge denied the motion holding that while the plaintiff and Richardson were in fact fellow servants, yet, Richardson, at the time of his negligence, was not performing any act of their common employment, but was in fact performing one of the primary duties of their employer. He accordingly ruled that the Fellow Servant Doctrine was inapplicable.

The Fellow Servant Doctrine has long been the law in Delaware. Commencing in 1857 with *Flinn v. Philadelphia, Wilmington, & Baltimore Railroad Co.*, 1 *Houst.* 469, and culminating in 1915 with *Krause v. Emmons*, 6 *Boyce* 104, 97 *A.* 238, a long series of cases have applied the doctrine in actions by an employee seeking recovery from the employer for injuries caused by the negligence of a fellow employee.

Since 1915 no reported decision in Delaware applying the doctrine has been called to our attention, nor has our own research brought one to light. The reason, of course, is that by 29 *Laws*, Ch. 233, the Delaware Workmen's Compensation Law of 1917 was enacted. This law, *inter alia*, abolished the Fellow Servant Doctrine in actions brought by an employee against an employer. However, not all employees or servants were covered by the terms of the Workmen's Compensation

Law. Certain classes of employees were excepted from the operation of the law by 29 *Laws*, Ch. 233, § 3193vv. This section, as subsequently amended, is now found as 19 *Del. C.* § 2307, by which the Workmen's Compensation Law is presently expressly inapplicable in actions brought by farm laborers and domestic servants against their employers.[1] It follows, therefore, that the Fellow Servant Doctrine is available as a defense in this action if the facts and circumstances require its application.

The doctrine as laid down in the law of Delaware is that when one enters the service of another, he takes upon himself the ordinary hazards and risks of his employment, including the risk of injury from the carelessness or negligence of another in the same employment. Therefore, if a servant is injured by the negligence of a co-servant engaged in a common employment, no liability may be imposed upon the employer for injuries resulting from that negligence. *Wheatley v. Philadelphia, Wilmington, & Baltimore Railroad Co.*, 1 *Marv.* 305, 30 *A.* 660; *American Bridge Co. v. Valente*, 7 *Penn.* 370, 73 *A.* 400.

The plaintiff argues that inasmuch as she was being transported from her home to the residence of the defendant where she was to go to work, her employment for that day had not commenced and that, accordingly, she was not at the time of the accident the servant of the defendant and, hence, not the fellow servant of Richardson. Therefore, it is argued, there could be no common employment between her and Richardson and, accordingly, the Fellow Servant Doctrine is inapplicable.

We think, however, in this aspect of the case, that we are controlled by the decision of our Supreme Court in *Taylor*

---

[1] The section has since been amended to remove the exception when the employer carries insurance to insure the payment of compensation to such employees. 52 *Laws*, Ch. 244.

*v. George W. Bush & Sons Co.*, 6 *Penn.* 306, 66 *A.* 884. In that case a servant of the defendant employed as a helper on the defendant's coal wagons was injured when a bale of hay thrown from an upper window of defendant's stable by a fellow servant struck him. At the time of the injury the plaintiff had been paid at the defendant's office at the close of the working day and had returned to the defendant's stable one block away for the purpose of retrieving his lunch pail which he customarily, with the defendant's permission, left in the stable. The question was whether the plaintiff was the defendant's servant at the time of the injury.

The court held that the plaintiff in the *Taylor* case was a servant of the master at the time of the injury because he was at the time of the injury engaged in doing something authorized by the scope of his employment. The court stated the test to be "whether at the time of the injury the servant was doing something which it was his duty, or he had a right, to do under the contract" of employment.

We think under the terms of the plaintiff's contract of employment in the case at bar that she was engaged in doing something she was authorized by her contract of work to do. She had been hired at an hourly compensation plus transportation to and from her home to her place of employment. She was, therefore, engaged in the performance of something authorized—indeed contemplated—by her contract of employment. She was, we think, a servant of the defendant at the time of the accident.

Similarly, Richardson, the chauffeur, whose negligence caused the plaintiff's injuries, was performing an act required by his contract of work—that of transporting his fellow servant to the residence of the defendant. Clearly, we think under the law, they must be held to be fellow servants, which makes applicable the doctrine relied on by the defendant.

■ Plaintiff next argues that she is entitled to the benefit of an exception to the Fellow Servant Doctrine to the effect that it has no application when the negligent servant is in fact performing a duty which, by its nature, is a primary duty of the master to be performed by him, or which he is required by law to have performed in his behalf. If such is the case, then the ordinary rules of agency would hold the master liable for the tort of his agent. The referred-to exception is recognized by the law of this State. *Wheatley v. Philadelphia, Wilmington, & Baltimore Railroad Co., supra.*

It is always necessary, therefore, to determine whether or not the negligent servant, at the time his negligence caused the injury, was engaged in performing a duty imposed by law upon the master. If such is the case, then there is no common employment and one element necessary to the application of the Fellow Servant Doctrine is missing.

■ Under Delaware law as announced in the *Wheatley* case, and as repeatedly affirmed by the Supreme Court of the State, (see *Shuster v. Philadelphia, Wilmington, & Baltimore Railroad Co.*, 6 *Penn.* 4, 62 *A.* 689; *Creswell v. Wilmington & Northern Railroad Co.*, 2 *Penn.* 210, 43 *A.* 629; *American Bridge Co. v. Valente, supra*) the duties of the master to his servants imposed by law are to furnish a reasonably safe place to work; to furnish reasonably safe machinery and appliances; to exercise due care and caution in selecting competent and careful co-workers; and to promulgate rules where necessary for the performance of their work. To state the proposition is to demonstrate its inapplicability in the case at bar. There obviously was no primary duty imposed by law on the defendant to arrange for the transportation of the plaintiff to and from her work.

Plaintiff, however, argues that the primary duty of the defendant which Richardson was discharging at the time of the injury was of a separate and independent contractual

nature requiring the defendant to transport the plaintiff to and from work. It is, therefore, argued that Richardson and the plaintiff at the time were not engaged in a common employment and, hence, were not fellow servants. In support of the argument plaintiff cites *Pittsburgh Valve Foundry & Construction Co. v. Gallagher*, 6 *Cir.*, 32 *F.* 2d 436, a case relied on by the court below to reach the conclusion urged.

We think, however, the case is clearly distinguishable from the one at bar. In the *Gallagher* case the facts were that the defendant was engaged in the installation of equipment at a plant in Florida. Gallagher, the plaintiff, was employed by the defendant as a steamfitter. It appears that there were no living facilities available in the immediate neighborhood of the construction job. The defendant thereupon entered into an express contract with the plaintiff and its other employees, who were brought from a distance to work at the site, to provide transportation facilities between the job location and available living facilities. The court specifically found the agreement to provide transportation to be outside of and in addition to the plaintiff's contract of employment with the defendant.

In performance of the separate agreement, the defendant thereupon entered into another agreement to pay one of its other employees for the use of his automobile to transport other employees, including the plaintiff, to and from the living facilities. It was held that the furnishing of transportation to the plaintiff was not a part of his general employment by the defendant, and that, under the circumstances, the plaintiff and the driving employee were not fellow servants engaged at the time in a common employment.

The case thus differs from the one at bar since this defendant's agreement to provide transportation was expressly made as a part of the compensation of the plaintiff for her employment. We think the plaintiff was in the employ of the defendant while riding to work.

The case of *O'Bierne v. Stafford*, 87 *Conn.* 354, 87 *A.* 743, 6 *L. R. A., N. S.*, 1183, relied on in the *Gallagher* case, is of no assistance to this plaintiff. In that case the servant was injured while being transported by the defendant's chauffeur to church on a Sunday. The holding was that the plaintiff and the chauffeur were not fellow servants because the church-going of the plaintiff was not connected with her employment by the defendant. Consequently, it was held that the defendant's agreement to transport her without charge to church on Sundays was entirely outside the scope of her employment which made inapplicable the Fellow Servant Doctrine.

It seems clear from the reported decisions in other states that a chauffeur and other domestic servants of a common employer being transported to and from their place of work are co-employees engaged in a common employment which, accordingly, makes the Fellow Servant Doctrine applicable as a defense in behalf of the employer. *Cf. Butler v. Eberstadt*, 113 *N. J. L.* 569, 175 *A.* 159; *Ryan v. Unsworth*, 52 *R. I.* 86, 157 *A.* 869, and *Fay v. De Camp*, 257 *N. Y.* 407, 178 *N. E.* 677. See, also, *Restatement of Agency* (2nd), § 477, comment d.

We hold, therefore, that the trial judge committed error in refusing to direct a verdict for the defendant on the basis of the Fellow Servant Doctrine. We regret the necessity for so holding, but we consider ourselves bound by the law of this State which the General Assembly has not seen fit to change with respect to domestic servants as it has with respect to almost all other types of employment.

In view of this holding, we do not reach other points urged by the defendant.

The judgment below is reversed and the cause remanded with instructions to enter a judgment for the defendant.