182 A.2d 904 (1962)
W. Percival JOHNSON, Plaintiff,
v.
E. I. duPONT deNEMOURS & COMPANY, a corporation of the State of Delaware, and Roy V. Jackson, Defendants.
Superior Court of Delaware, New Castle.
July 5, 1962.
Richard J. Baker, Wilmington, for plaintiff.
E. N. Carpenter, II (of Richards, Layton & Finger), Wilmington, for defendant E. I. duPont deNemours & Co.
*905 TERRY, President Judge.
Plaintiff, W. Percival Johnson, has brought this action against defendants Roy V. Jackson and E. I. duPont deNemours & Company, a Delaware corporation, hereinafter referred to as duPont, to recover for injuries allegedly suffered by the plaintiff due to the alleged negligence of the defendants.
duPont, pursuant to Rule 56, Del.C.Ann. has moved for summary judgment in its favor on the ground that there is no genuine issue as to any material fact, and, therefore, duPont is entitled to judgment as a matter of law.
The plaintiff has alleged that he was injured when Jackson, as he entered a revolving door in the DuPont Building, owned by duPont, operated the door so rapidly that the plaintiff was struck by one of the fins and knocked to the floor.
Pre-trial discovery initiated by duPont had disclosed that at the time of the incident Jackson was employed as an attorney in the Legal Department of duPont; that he was returning to his place of work, an upper floor in the DuPont Building, after having first eaten his lunch at a restaurant outside the building, and then, prior to returning, left the restaurant to pick up some parts for his car.
Since plaintiff has made no contention that the revolving doors in question were defective, the liability of duPont is predicated solely upon the doctrine of respondeat superior. duPont has in its brief delineated the issue upon which it claims a right to summary judgment; i. e., whether or not at the time of the incident Jackson was acting within the scope of his employment.
Plaintiff does not dispute duPont's statement of facts drawn from its pretrial discovery, and presents no additional facts contradicting duPont's exposition. In particular plaintiff presents no evidence that Jackson was charged with any responsibility for maintenance of the doors in question. Accordingly, if these undisputed facts show that Jackson's actions were outside the scope of employment, as a matter of law summary judgment should be granted. Ebersole v. Lowengrub (Sup. Ct.Del.1962), 3 Storey ___, 180 A.2d 467.
The general test for determining whether or not the acts of a servant are within the scope of employment is found in Restatement, Second, Agency, § 228, recently cited with approval in Draper v. *906 Olivere Paving & Construction Co. et al. (Sup.Ct.Del.1962) 3 Storey ___, 181 A.2d 565:
"(1) Conduct of a servant is within the scope of employment if, but only if:
"(a) it is of a kind he is employed to perform;
"(b) it occurs substantially within the authorized time and space limits;
"(c) it is actuated, at least in part, by a purpose to serve the master, and
"(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
"(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master."
The act of eating lunch and the effort expended to go to and from the place of eating do in a general manner by refreshing the energy and vitality of the employee serve the interest of the employer, but all recreational and restorative pursuits of the employee provide such general benefit to the employer, and to allow such activities within the purview of the concept of the scope of employment would emasculate the term as meaningful limitation upon the doctrine of respondeat superior. Miceli v. Williams, Mo.App., 293 S.W.2d 136.
Although Jackson clearly was permitted by duPont to utilize the doors to the DuPont Building, his contemplated activity for duPont was to be performed on the upper floors of that building and had no relationship with the maintenance, preservation, or protection of these doors. His use of these doors was immaterial to duPont; Jackson merely chose these doors as one of many possible avenues of access to his place of work.
The precise question now before me was decided in Eyerly v. Baker, 168 Md. 599, 178 A. 691. In reversing judgment for plaintiff, the Court stated:
"* * * she was employed on another floor of the building, and that her duties had no possible connection with the use or operation of the door. Her act in putting it in motion was as independent of her duties as appellee's employee as the act of any stranger would have been, for she was using it as any person desiring to enter the store may have used it. It is true that she was returning to her employment, but it is not apparent why that fact alone should make the employer any more responsible for her acts than for the acts of a stranger entering the store in answer to an invitation for any other purpose. Nor would the fact that the accident occurred on the defendant's premises determine the master's liability, if the employment imposed upon the employee no duty in respect to the operation or control of the instrumentality which caused the injury, nor in respect to the general protection of patrons of the store."
The act in question was not of a kind an attorney is authorized, as used in the sense of contemplated employment, to perform, and the intent to serve the master, if present at all, is of insufficient degree.
The plaintiff relies upon the following cases: Draper v. Olivere Paving & Construction Co., supra; Taylor v. George W. Bush & Sons Co., 6 Penn. 306, 66 A. 884, 12 L.R.A.,N.S., 853; Thouron v. Acree, 3 Storey ___, 174 A.2d 702. Necessity does not require a discussion of these cases. It will suffice to say that each case is clearly distinguishable on the facts from the case at hand.
In the present case, as noted supra, the acts of eating and going to and from the *907 place of eating do not directly serve the interest of the employer and do not form an integral part of the contract of employment.
duPont's motion for summary judgment is granted.
An order will be entered upon motion.