**UNITED STATES of America**

v.

**Marvin Corey EDWARD a/k/a Mop, William H. Frisby, Lynwood Burley, Samuel Gaymen a/k/a Samuel Gaymo.**

**Appeal of Lynwood BURLEY.**

**No. 71–1002.**

United States Court of Appeals, Third Circuit.

Argued Feb. 17, 1971.

Decided March 12, 1971.

David H. Kubert, Philadelphia, Pa., for appellant.

Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before FREEDMAN, SEITZ and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Defendant Lynwood Burley appeals his conviction, after a jury trial, under an indictment charging him with bank robbery, and crimes incidental thereto: 18 U.S.C. § 2113(a), (b) & (d).

 Defendant first contends that the district court erred in denying defendant's motion for judgment of acquittal since the identification of the defendant as the person who robbed the bank was not sufficient to warrant the case to be submitted to the jury. We reject this contention since the record reveals that the government offered three witnesses, all of whom testified

that they observed the robbery and identified the defendant as the person who committed the crime. The weight to be accorded any uncertainty to be gleaned from their testimony was properly left to the jury.

■ Defendant's second claim is that the district court erred in refusing to grant defendant's request to sit among the spectators during the trial and especially during the testimony of the government's identification witnesses. The disposition of such a request is within the sound discretion of the district court. The defendant has not presented us with anything to indicate that this discretion was abused.

■ We find wholly without merit defendant's third claim that the district court did not properly admonish the jury that identification evidence should be considered with great caution. The district court did in fact properly charge the jury that "no class of testimony is more uncertain and less to be relied upon than that as to identity" and that they were to "consider the circumstances stated by each witness and the opportunities they had for a safe conclusion with respect to identity."

■ Finally defendant asserts that the district court improperly advised the jury of the absence from counsel table of Samuel Gaymen, a co-defendant removed from the case after a motion for judgment of acquittal was granted as to him. We also find no merit in this contention, for the district court properly advised the jury concerning Gaymen's absence when it stated in its charge simply that "I will state to you at the outset that the case concerning Samuel Gaymen has been removed from your consideration by the court, the trial judge. That is not before you for your consideration."

The judgment of the district court will be affirmed.