## Commonwealth v. Geho

*Angelo J. Baro* and *Grant E. Wesner,* Assistant District Attorneys, for Commonwealth.

*Ralph W. D. Levan,* Assistant Public Defender, for defendant.

HESS, P. J., May 24, 1972.—Defendant, Girard Geho, and two other individuals were indicted on charges of burglary, larceny, receiving stolen goods and conspiracy. The three individuals were brought to trial on December 7, 1970, and each defendant was represented by separate counsel. During the course of the trial, two of the defendants changed their pleas to "guilty," and the trial proceeded against Girard Geho. On December 9, 1970, the jury returned a verdict, finding Geho guilty of burglary, larceny and conspiracy, and not guilty of receiving stolen goods. A motion was filed, requesting the allowance of a new trial and arrest of judgment, and the only question raised is the ruling of the trial judge refusing Geho's application for a mistrial after the two codefendants changed their pleas and were withdrawn from the jury's consideration. The issue was argued May 22, 1972.

The record indicates that while a Commonwealth witness was testifying, Mr. Noch, counsel for defendant, Walter Wentzel, interrupted the trial and in the presence of the jury stated: "If Your Honor please, may I interrupt for a moment. Defendant Walter Wentzel has decided to change his plea." The trial judge immediately stated: "The jury may be retired. Let the jury step out." The record sets forth what transpired in the absence of the jury, relating to the pleas of guilty by Walter Wentzel and Barry Wentzel. Mr. Levan, representing Geho, made a motion for mistrial and stated: "All right. I would respectfully re-

quest, Your Honor, that mistrial be declared here in the case of Girard Geho, by reason of the actions of the change of plea by Walter Wentzel in the presence of the jury, which may be of such prejudice against Girard Geho, that it would be impossible to have a fair and equitable trial. Further, the disappearance of Barry Wentzel and Walter Wentzel in the middle of the trial may set up a prejudice and a feeling which, I think, it would be impossible to eradicate, even upon instructions by the Court to that point." The motion was refused, and the trial judge offered to give the jury any instructions desired by Geho.

After the jury returned to the courtroom, the trial judge stated: "Members of the Jury, remaining for your consideration is one defendant, Girard Geho, represented by his attorney, Mr. Levan. I don't want the jury to be concerned or influenced in any way as to what may or may not have happened, involving the other two defendants, Barry and Walter Wentzel. Your sole responsibility now is to determine whether Girard Geho is guilty or not guilty of the charges that the Commonwealth has preferred against him. The burden is on the Commonwealth to prove the guilt of each of the defendants beyond a reasonable doubt, and the jury, if you had had three defendants, would have had to consider each one separately. Now you don't have two to consider, but you must still consider the question of Girard Geho's guilt or innocence, and again I repeat, I charge you that you should not, in any way, be influenced in this matter, for or against the defendant, by reason of the fact he is the only defendant remaining. Is there anything further you want me to say?"

"Mr. Levan: No, Your Honor."

A novel question is presented. When three defendants are satisfied to be tried jointly, do not request a

severance, and during the trial two defendants elect to change their pleas, is it error to continue with the trial against the remaining defendant to a final verdict? Defendant's brief cites no authorities. The brief of the Commonwealth relies in part upon the holding in Commonwealth v. Biddle, 200 Pa. 640. In that case, the Supreme Court concluded that error was not committed when one defendant was permitted to enter a plea of guilty in open court in the presence of the jury which thereafter tried the other defendant. It would appear that the guilty plea was entered before the jury was selected to try the second defendant. In our case, the change of plea occurred after the trial had been in progress for a considerable time. While the Biddle case has been cited on numerous occasions for other legal points, it does not appear that the Supreme Court has again considered the problem. The Court of Common Pleas of Delaware County did have an occasion to consider the question in Commonwealth v. Vann et al., 54 Del. 123, and concluded that no error was committed in permitting a defendant to plead guilty in the presence of the jury and continuing the trial as to another defendant.

Our independent research reveals that in the Federal courts the problem appears to have been answered in a host of cases. In United States v. Aronson, 319 F. 2d 48, the United States Circuit Court of Appeals for the Second Circuit decided that it is not error, if proper cautionary instructions are given, for the jury to be informed during the trial that one or more defendants have pleaded guilty, or even for the jury to be present when such pleas are entered. At page 51, Judge Moore states: "Needless to say, a subject so common to criminal trials has been passed upon by many appellate courts so that there is no longer any uncertainty as to the law." The writer thereafter cites and

discusses numerous cases to the same effect, none from the third circuit or from Pennsylvania.

In 1966, however, the Third Circuit Court of Appeals, in an opinion by Chief Judge Staley, came to a similar conclusion in United States v. Restaino, 369 F. 2d 544, citing Aronson with approval. In 1971, the same court, in United States v. Edward et al., 439 F. 2d 150, came to the same conclusion in a case tried in the United States District Court for the Eastern District of Pennsylvania. See also United States ex rel. Peterson v. Rundle, 305 F. Supp. 1242 (1969), opinion by District Judge Joseph S. Lord, 3d, now Chief Judge of said court.

It would appear to us that defendant's contention cannot be supported. While Mr. Noch, attorney for one defendant, did indicate in the presence of the jury that his client desired to change his plea, the jury was then excused and further proceedings thereafter took place apart from the jury. The cases we have cited would indicate that no error would have resulted even though the plea had taken place in the presence of the jury, as long as proper cautionary instructions are given. In our case, no objection is made to the instructions that were given by the trial judge. Commonwealth v. Vann, supra, and some of the cases we have cited from the United States courts would appear to infer that there is as much possibility of harm to the Commonwealth as to defendants when defendants enter guilty pleas during trial unless adequate cautionary instructions relating to the remaining defendants are given by the trial judge.

We are completely satisifed that defendant received a fair and impartial trial. There is no merit in his motion and reasons for a new trial and in arrest of judgment.