**UNITED STATES of America,**
**Appellee,**

**v.**

**Walter Earl EDWARDS, Appellant.**

**No. 74–1903.**

United States Court of Appeals,
Ninth Circuit.

Sept. 19, 1974.

Thomas C. Horne (argued), of Lewis & Roca, Phoenix, Ariz., for appellant.

Ronald A. Lebowitz, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

## OPINION

Before BARNES, Senior Circuit Judge, CARTER, Circuit Judge, and LINDBERG,[*] District Judge.

BARNES, Senior Circuit Judge:

Appellant appeals his conviction of knowingly and intentionally distributing on February 8, 1973, without a prescription, 31 grams of heroin, a narcotic drug "controlled substance," in violation of 21 U.S.C. § 841(a)(1). The heroin was purchased by a government agent, Greenlee, from one Earl A. Jones (identified as defendant Edwards). The sale was arranged through the cooperation and assistance of an informant, one Sherfield. Also present was one Stephen Dennis Chesley, charged as co-defendant, who was also convicted of distributing the heroin, but did not appeal.

On February 14, 1973, a second purchase was arranged, but the substance delivered by "Jones" was not heroin. Attempts to locate "Jones," the seller, were unsuccessful.

On April 23, 1973, Agent Greenlee saw and arrested appellant, after recognizing him as the seller, "Jones."

The appellant's sole defense was mistaken identity, i. e., that he, Edwards, was not "Jones." The jury found he was.

Appellant states that the whole appeal may be summarized by three words, "Is Edwards Jones?" However, two errors are urged by appellant as reasons for reversal: *First,* did the trial court err in refusing to require the government to furnish the name of a second informant? and *Second,* was the defendant entitled to the cautionary instruction requested by his counsel, rather than the cautionary instruction given by the Court?

We answer both questions in the negative, and affirm the conviction.

I. *A short resume of the facts may be helpful.*

Appellant was positively identified by two persons: Agent Greenlee and the primary informer Sherfield. Two other special agents (Ivie and Parra) on surveillance outside the building when the February 8, 1973 sale took place, at about 7:30 p. m., saw the supposed seller, took a "fairly close look at him," but could not "make a positive identification of him" due to darkness and the lack of street lights.

Sherfield had seen "Jones" on three occasions; Greenlee on two, Sherfield (the informer) had carefully noted "Jones" had a certain kind of hair, had a peak on his forehead, and that his complexion was unusual:—"a striking complexion for a black person, very clear, very clear, clean skin." Sherfield had been an informer for about two years and in about ten cases, and made it a habit to pay "particular attention to the individuals involved that are under suspicion or under investigation."

Greenlee saw "Jones" for about an hour on February 8, 1973, and was with him for over one-half hour on February 13 (or February 14), 1973.

On April 23, 1973, Agent Greenlee saw defendant Edwards in the Federal Building, recognized him as "Jones," followed him outside the building and stopped him, asking for identification. "As soon as I approached him and looked straight at him, I told the other

---

[*] Honorable William J. Lindberg, Senior Judge, Western District of Washington, sitting by designation.

agents that this was definitely Earl Jones."

When the defendant was asked for identification on April 23, 1973, he gave his name as Robert Terryl Allen. He showed two Social Security cards with that name on them; and one with the name Ishmael Ali Muhammad. Appellant also had an envelope on him addressed to Ishmael Ali Muhammad from "E. Jones, P. O. Box, Philadelphia, Penn." After arrest, and having been notified of his rights, appellant "Jones" said his name was Walter Earl Edwards.[1]

II. *Naming of Informants.*

Appellant's counsel moved to have the government disclose the name of any person or persons who furnished evidence that defendant Edwards possessed heroin for sale. The government had disclosed when appellant had sought bail, that "Agents advise that defendant sells from 2–4 oz. of heroin in the Phoenix area on a weekly basis." Appellant charged the information came from informant SN 420005. Appellant also charged that a second informant SN 420003 "set up and was present at the meeting between Jones and Greenlee." (C.T. 32–33)

Appellant conceded below that under some circumstances, the government has the privilege to withhold the identity of informants. This, because of the language in the leading case of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

That case holds that "[w]here the disclosure of an informant's identity . . . is relevant and helpful to the defense of an accused," the trial court may require disclosure. *Id.* at 60–61, 77 S.Ct. at 628. On the other hand, the opinion is authority only on the particular facts existing in the case then ruled upon. In *Roviaro,* the informer "had taken a material part in bringing about the possession of certain drugs by the

accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged." *Id.,* at 55, 77 S.Ct. at 625. "Under the circumstances [there] present" the Supreme Court held the trial court erred in refusing to require the government to name the informer.

The trial judge here originally ordered the government to disclose the identity of both informants (C.T. 44); later changed his ruling to require disclosure of informer SN 420003, but quashed his order as to informer SN 420005 (C.T. 48), and reaffirmed his order quashing two days later (C.T. 49). Informer SN 420003 was the witness Sherfield.

■ These orders were made in the proper exercise of the court's judicial discretion, and there was no abuse of that discretion in the court so ruling. The Supreme Court has emphasized that

" . . . no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. *Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.*" 353 U.S. at 62, 77 S.Ct. at 628 (emphasis added).

*Cf. also:* United States v. Connolly, 479 F.2d 930 (9th Cir. 1973); United States v. Alvarez, 472 F.2d 111 (9th Cir. 1973); United States v. Alvarez, 469 F. 2d 1065 (9th Cir. 1972).

"*A suspicion that an informer may be of some help is not sufficient to overcome the public interest in the latter's protection.* United States v.

---

1. We note the fact that trial counsel for appellant voluntarily brought out the fact (sic)

that "people who sell drugs . . . use pseudonyms, false names."

Kelly, *supra,* 449 F.2d [329] p. 330; United States v. Estrada, *supra"* [441 F.2d 873]. 472 F.2d at 113 (emphasis added)

■ The government complied with the court's order, and appellant failed to meet his burden of proof as to the necessity to disclose the identity of the second informer.

### III. *Instructions.*

We turn to appellant's charge of error in instructing the jury as to the care they must exercise in considering identification evidence.

■ The defendant requested but one instruction. It was given *in toto* as to paragraphs one and three. Paragraph two, as requested, read:

"In considering the identification testimony, you are to keep in mind that such testimony should be considered with great caution. No class of testimony is more uncertain and less to be relied on than that as to identity." (C.T. 71)

The trial judge struck the second sentence of this paragraph, but added the words "and weighed with great care," to the first sentence of paragraph two.

Appellant's counsel, at trial, cited as authority for the whole proposed instruction "Devitt & Blackmar, § 11.32 (as modified) United States v. Edward, 439 F.2d 150, 151 (3rd Cir. 1971)." The instruction, as offered, bore but a slight resemblance to Devitt & Blackmar's § 11.32.

In United States v. Edward, *supra,* the defendant attacked the court's failure to give the admonition "that identification evidence should be considered with great caution." The court held the lack of such customary language was cured by the language here requested and deleted by the court. It did *not* hold that the language requested must or should be used.

Further, the Third Circuit itself commented (later in the same year it decided *Edward, supra*) in United States v. Barber, 442 F.2d 517 (1971) that the language herein stricken was requested in Cullen v. United States, 408 F.2d 1178 (8th Cir. 1969), was refused by the trial court, and that such refusal was not error because of other adequate instructions. (*Barber, supra* at 526) A thorough discussion then appears, concluding with the indented paragraph on page 528 of *Barber,* which is presented verbatim in Devitt & Blackmar, 1973 Pocket Part, pp. 99 and 100.

In Amsler v. United States, 381 F.2d 37 (9th Cir. 1967), the court said:

"A court is not bound to accept the language of a requested instruction proffered by counsel nor to give a proposed requested instruction if the court gives it in substance." (*Id.* at 52)

And in Rivers v. United States, 368 F.2d 362 (9th Cir. 1966), the court said:

"If proper and adequate instructions are given, defendant has no right to have his choice of language used in the way he prefers it. Tucker v. United States, 151 U.S. 164, 170, 14 S.Ct. 299, 38 L.Ed. 112 (1893)." 368 F.2d at 364.

We hold the instruction given was adequate and not prejudicial to defendant in any way.

■ The remaining discussion in appellant's brief as to the lack of a "line-up" to permit identification of the defendant by the surveillance officers (who would *not* testify that the defendant was Jones because their observation of him was at night, and made at varying distances); and the complaint that the informer Sherfield (revealed to counsel for appellant by court order) refused to voluntarily appear at defendant's counsel's office to face Edwards (the person he identified as "Jones" on the two purported heroin "buys"), are better arguments before a jury than to this court. Suffice it to say no error appears.

Defendant received a fair trial, and was convicted by a properly instructed jury.

We affirm.